IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIO ERNESTO VILLALTA<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>*Individually and On Behalf*<br>*Of Others Similarly Situated*<br><br>　　Plaintiff,<br><br>　　v.<br><br>CHRISTOS BUILDING SERVICES, LLC<br>12441 Pacific Boulevard, Suite 115<br>Sterling, Virginia 20166<br><br>SERVE:　Christos Sarantis<br>　　　　　21441 Pacific Boulevard<br>　　　　　Suite 115<br>　　　　　Sterling, Virginia 20166<br><br>And<br><br>CHRISTOS SARANTIS<br>21441 Pacific Boulevard, Suite 115<br>Sterling, Virginia 20166<br><br>　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Mario Ernesto Villalta ("Plaintiff"), on behalf of himself and all other similarly situated opt-in plaintiffs and Rule 23 class members, by and through undersigned counsel, hereby brings this collective/class action against Defendant Christos Building Services, LLC ("CBS") and its managing member and owner, Christos Sarantis, individually ("Sarantis") (together, "Defendants') and alleges as follows:

## CLAIMS, JURISDICTION, AND VENUE

1. This action is brought by Plaintiff individually and on behalf of other similarly situated individuals seeking unpaid wages, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the Fair Labor Standards Act ("FLSA"), the D.C. Wage Payment and Wage Collection Act ("DCWPA"), and the D.C. Minimum Wage Act Revision Act ("DCMWA").

2. This Court has federal question jurisdiction pursuant to 29 U.S.C. § 1331, based upon the claims brought under the FLSA, 29 U.S.C. § 201, *et seq*.

3. The United States District Court for the District of Columbia has personal jurisdiction because during the relevant period, Defendants operated substantially and continuously providing office cleaning, janitorial, and painting work to clients, customers, and property owners, within the jurisdictional limits of the District of Columbia.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants conducted business within the District of Columbia, and the substantial majority of Plaintiff's herein relevant job duties and the events or omissions giving rise to these claims occurred within the jurisdictional limits of the District of Columbia.

5. The claims for violations of the DCWPA and DCMWA are based upon the statutory law of the District of Columbia.

6. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative fact as the FLSA claims.

7. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## **PARTIES**

8. Plaintiff is an adult resident of the Commonwealth of Virginia.

9. For the time period of about 2001 through about January 2020, Defendants employed Plaintiff to perform cleaning, janitorial, and paining services at apartment buildings, condominium buildings, and office buildings in the District of Columbia and also in Virginia and Maryland.

10. During the three (3) year period relevant to this action, the substantial majority of the job duties Plaintiff performed for Defendants' benefit were performed within the jurisdictional limits of the District of Columbia.

11. CBS is a limited liability company formed under the laws of the Commonwealth of Virginia.

12. CBS operates out of a principal office location in Sterling, Virginia.

13. At all times relevant to this action, CBS operated substantially and continuously within the jurisdictional limits of the District of Columbia.

14. Sarantis is the managing member and primary owner of CBS.

15. At all times relevant to this action, Sarantis was Plaintiff's most senior manager and supervisor.

16. At all times relevant to this action, Sarantis supervised, managed, and directed the employment of Plaintiff and all other Class Members.

17. At all times relevant to this action, the Sarantis had the power to hire, fire, suspend, fine, direct, or alter the employment duties or responsibilities for Plaintiff and the Class Members.

18. On information and belief, the Sarantis participated substantially in the decision to deny Plaintiff and the Other Class Members overtime wages at the time-and-one-half rate as

required by Federal and District of Columbia law.

19. At all times relevant to this action, Sarantis participated substantially in managing, controlling, supervising, and directing the day-to-day operation of CBS

## COVERAGE

20. At all times material to this action, each of the Defendants qualified as the employer of Plaintiff and the Class Members within the defined scope of the FLSA, 29 U.S.C. § 203(d).

21. At all times material to this action, Plaintiff and Class Members were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

22. At all times material to this action, Defendants qualified as an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

23. By acting as the named plaintiff in this action, Plaintiff does hereby provide the court within his written notice and consent to participate as a plaintiff and name class/collective representative to prosecute claims against Defendant for unpaid wages under the FLSA and District of Columbia law.

## FACTUAL ALLEGATIONS

24. For the time period of about 2001 through about January 2020, Defendants employed Plaintiff to perform cleaning, janitorial, and paining services at apartment buildings, condominium buildings, and office buildings primarily within the District of Columbia and also

in Maryland and Virginia.

25. During the period of Plaintiff's employment, the exact number of hours Plaintiff worked varied from week to week.

26. Typically, Plaintiff worked between forty-six (46) to fifty-six (56) hour per week.

27. At all times, Defendants had actual knowledge of all hours Plaintiff worked each week and directed Plaintiff to work all hours herein alleged.

28. At all times relevant to this action, Defendants paid Plaintiff as an hourly employee.

29. For most of the relevant period, Defendants paid Plaintiff at the rate of $16.00 per hour.

30. For the last portion of his employment, Defendants paid Plaintiff at a lower rate of $10.50 per hour.

31. At no time during the period of his employment did Defendants ever pay Plaintiff at the rate of one-and-one-half Plaintiff's regular hourly rate for overtime Plaintiff worked over forty (40) hours per week.

32. For a portion of the period relevant to this action, Defendants paid Plaintiff at his regular hourly rate for non-overtime hours worked (hours 40 and under) and paid Plaintiff in cash at a lower hourly rate for overtime Plaintiff worked over forty (40) hours per week.

33. For a portion of the period relevant to this action, Defendants paid Plaintiff at his regular hourly rate for non-overtime hours worked (hours 40 and under) and paid Plaintiff by way of separate payroll check(s) drafted and payable to the order of false identities and paid to Plaintiff at a lower hourly rate for overtime Plaintiff worked over forty (40) hours per week.

34. Defendants now owe Plaintiff unpaid overtime wages for work duties Plaintiff

performed over forty (40) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings his claim for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of himself and all similarly situated employees.

36.     Similarly situated employees, for purposes of the FLSA collective action claims, include individuals who:

> i.  Work or worked for Defendants performing cleaning, janitorial duties, or painting duties within the three (3) year period prior to joining this lawsuit;
>
> ii. Who worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit;
>
> iii. Who were paid by cash and/or by check (payable to the individual's given name or to false name(s)) for overtime worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit; and
>
> iv. Who were not paid at the FLSA required time-and-one-half rate for overtime worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit.

## DCMWA/DCWPA CLASS ACTION ALLEGATIONS

37.     Plaintiff bring his counts against Defendants for violations of the DCMWA and DCWPA as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the DCMWA and DCWPA.

38.     The Proposed DCMWA and DCWPA Class includes:

    i.    All individuals that work or worked for Defendants performing cleaning, janitorial duties, or painting duties within the three (3) year period prior to joining this lawsuit;

    ii.    Who worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit;

    iii.    Who were paid by cash and/or by check (payable to the individual's given name or to false name(s)) for overtime worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit; and

    iv.    Who were not paid at the District of Columbia required time-and-one-half rate for overtime worked more than forty (40) hours in any week within the three (3) year period prior to joining this lawsuit.

39.    The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

40.    While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises at least one hundred (100) individuals.

41.    There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually, in that all Plaintiff has been harmed by Defendants' knowing, willful, intentional payroll scheme to deny Plaintiff and other similarly situated individuals overtime wages at the time-and-one-half rate required by District of Columbia law.

42.    The claims of Plaintiff are typical of the claims of each proposed class member,

and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

43. All putative class members were subject to the same compensation practices of Defendants, as alleged herein.

44. Defendants' compensation policies and practices affected all putative class members similarly.

45. Plaintiff and the Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

46. Plaintiff can fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiff and members of the proposed class.

47. Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation.

48. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

49. Important public interests will be served by addressing the matter as a class

action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

50. Defendants violated the District of Columbia wage payment laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks

### COUNT I
### Violation of the FLSA

51. Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

52. Pursuant to the FLSA, Defendants were required to pay Plaintiff and other similarly situated individuals at the time-and-one-half rate for overtime worked over forty (40) hours per week.

53. As set forth above, Defendants failed to pay Plaintiff and other similarly situated individuals at the time-and-one-half rate for overtime worked over forty (40) hours per week.

54. As set forth above, Defendants knowingly and intentionally violated the FLSA overtime compensation requirement by paying Plaintiff and other similarly situated individuals for overtime worked over forty (40) hours per week in cash and/or by fake name paychecks at hourly rates at or lower than the rate each was paid for non-overtime hours worked.

55. The foregoing conduct, as alleged above, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), which permits the recovery of unpaid overtime wages for up to three (3) years, rather than two (2) years.

56. Plaintiff and other similarly situated individuals seek to recover from Defendants the following damages:

   a. Unpaid overtime wages for overtime worked over forty (40) hours per week;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs at Salazar Index rates; and

   d. All other legal and equitable relief as the Court deems just and proper.

## COUNT II
## Violation of the DCMWA

57. Plaintiff incorporate by reference all preceding paragraphs as if the same were repeated here verbatim.

58. At all relevant times, Defendants engaged in substantial and ongoing business operations within the jurisdictional limits of the District of Columbia.

59. At all relevant times, Defendants employed Plaintiff and other similarly situated individuals within the jurisdictional limits of the District of Columbia.

60. Pursuant to the DCMWA, Defendants were required to pay Plaintiff and other similarly situated individuals at the time-and-one-half rate for overtime worked over forty (40)

hours per week.

61. As set forth above, Defendants knowingly and intentionally violated the DCMWA overtime compensation requirement by paying Plaintiff and other similarly situated individuals for overtime worked over forty (40) hours per week in cash and/or by fake name paychecks at hourly rates at or lower than the rate each was paid for non-overtime hours worked.

62. Plaintiff seek to recover from Defendants the following damages:

   a. Unpaid overtime wages for overtime worked over forty (40) hours per week;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs at Salazar Index rates; and

   d. All other legal and equitable relief as the Court deems just and proper.

## COUNT III
## Violation of the DCWPA

63. Named Plaintiff incorporates by reference all preceding paragraphs as if the same were repeated here verbatim.

64. At all relevant times, Defendants engaged in substantial and ongoing business operations within the jurisdictional limits of the District of Columbia.

65. At all relevant times, Defendants employed Plaintiff and other similarly situated individuals within the jurisdictional limits of the District of Columbia.

66. District of Columbia law required Defendants required to pay Plaintiff and other similarly situated individuals at the time-and-one-half rate for overtime worked over forty (40) hours per week.

67. As set forth above, Defendants knowingly and intentionally violated District of Columbia law by failing to pay Plaintiffs all overtime wages that were due and owing for work duties performed over forty (40) hours per week.

68. As set forth above, Defendants engaged in a class-wide violation of the DCWPA by paying Plaintiff and other similarly situated individuals for overtime worked over forty (40) hours per week by way of cash and/or by fake name payroll checks at hourly rates at or lower than the rate each was paid for non-overtime hours worked.

69. As a result of Defendants' unlawful policies and practices, Plaintiff and other Class Members have been deprived of compensation due and owing.

70. Plaintiffs seek to recover from Defendants the following damages:

   a. Unpaid overtime wages for overtime worked over forty (40) hours per week;

   b. Statutory liquidated damages;

   c. Attorneys' fees and costs at Salazar Index rates; and

   d. All other legal and equitable relief as the Court deems just and proper.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

1. Issue an Order certifying this action as a collective action under the FLSA, and designate Plaintiff as representative of all those similarly situated under the FLSA collective action;

2. Issue an Order certifying this action as a class action under the DCMWA and DCWPA, and designate Plaintiff as representative on behalf of all those similarly situated under the DCMWA and DCWPA classes;

3. Award Plaintiff and all those similarly situated actual damages for all wages found due to Plaintiff and those similarly situated and statutory plus an award of liquidated damages as provided by the FLSA, DCMWA, and DCWPA;

4. Award Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements calculated at Salazar Index Rates; and

5. Award Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

Dated:  February 7, 2020			Respectfully submitted,

*/s/ Gregg C. Greenberg*_____
Gregg C. Greenberg, Bar No. MD17291
ZIPIN, AMSTER & GREENBERG, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Attorneys for Plaintiff*